IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| MORIS PAZ | * | |
| 8757 Georgia Avenue, Suite 400 | * | |
| Silver Spring, Maryland 20910 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: |
| | * | |
| HAN KOOK KYOJA, INC. | * | |
| 4210 John Marr Drive | * | |
| Annandale, Virginia 22003 | * | |
| | * | |
| SERVE: Eun Joo Koo | * | |
| 4210 John Marr Drive | * | |
| Annandale, Virginia | * | |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff Moris Paz ("Plaintiff"), by and through undersigned counsel, hereby submits his

Complaint against Han Kook Kyoja, Inc. d/b/a Jang Won Restaurant ("Defendant") and herein

seek unpaid wages, statutory damages, costs, and attorney's fees against Defendant for violations

of the Federal Fair Labor Standards Act ("FLSA") and for cause, set forth below.

### PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of Howard County, Maryland.

2.      Defendant is a corporation formed under the laws of the Commonwealth of

Virginia.

3.      At all times relevant to this action, Defendant maintained and performed ongoing

business operations of a restaurant known as Jang Won Restaurant in Annandale, Virginia where

Plaintiff worked.

4.      By acting as the named plaintiff in this action, Plaintiff affirms his consent to participate as a plaintiff in a case seeking unpaid wages and damages under the FLSA and for all statutory relief sought in this action.

5.      At all times, Defendant qualified as Plaintiff's "employer" and Plaintiff was Defendant's "employee" with rights, protections, and privileges under the FLSA.

6.      At all times, Defendant engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

7.      At all times, Defendant had gross annual revenues exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

8.      At all times, Plaintiff, in performing work duties for Defendant, handled goods and products (foods, beverages, spices, and cooking materials) that traveled across state lines and were otherwise individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9.      Pursuant to the foregoing, jurisdiction and venue is proper in this Court.

## FACTS

10.     Plaintiff was employed by Defendant as a food preparer at its Jang Won Restaurant (or similar name) in Annandale, Virginia for the period of about March 2018 through June 2019.

11.     During the period of his employ, Plaintiff typically and customarily worked six (6) days per week from about 10:00 AM until 10:00 PM.

12.     During the period of his employ, Plaintiff typically and customarily worked between sixty-five (65) to seventy (70) or more hours per week.

2

13.     During the period of his employ, Defendant had actual knowledge of all hours Plaintiff worked and suffered or permitted Plaintiff to work between sixty-five (65) to seventy (70) or more hours per week.

14.     During the period of his employ, Defendant paid Plaintiff a flat salary of $550.00 per week that was increased in March 2019 to $650.00 per week.

15.     During the entire period of his employ, Plaintiff's salary was paid by Defendant exclusively in cash.

16.     During the period of Plaintiff's employment, Defendant failed to pay Plaintiff at the FLSA required time-and-one-half rate for the overtime Plaintiff worked for Defendant's benefit in excess of forty (40) hours per week.

17.     During the period of Plaintiff's employment, Defendant paid Plaintiff at his flat salary for all hours worked each week including overtime worked in excess of forty (40) hours.

18.     Defendant now owes Plaintiff unpaid "half time" overtime premium wages for each hour Plaintiff worked over forty (40) per week.

19.     Defendant now owes Plaintiff unpaid "half time" overtime premium wages in the amount of about nine thousand dollars ($9,000.00).

20.     During the period of Plaintiff's employment, Defendant failed to keep or maintain accurate or reliable time records documenting the hours Plaintiff worked.

21.     At all times, Defendant had actual knowledge the rate and method Defendant used to pay Plaintiff for overtime worked in excess of forty (40) hours per week was in direct violation of Federal law.

3

22.    Defendant now owes Plaintiff unpaid wages in the amount of about nine thousand dollars ($9,000.00) or more, plus statutory liquidated damages in an equal amount of about nine thousand dollars ($9,000.00) or more, plus recovery of Plaintiff's attorney's fees and costs.

## CAUSE OF ACTION
**(Violation of Federal Fair Labor Standards Act - Overtime)**

23.    Plaintiff re-alleges every allegation set forth above as if each were set forth herein.

24.    As set forth above, Defendant failed to pay Plaintiff at the FLSA required time-and-one-half rate for all overtime Plaintiff worked over forty (40) hours per week.

25.    Defendant's failure to pay Plaintiff overtime wages as required by the FLSA was with actual knowledge of illegality and was therefore willful and intentional and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff for all unpaid overtime wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

   /s/ Gregg C. Greenberg
Gregg C. Greenberg, Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*

4